UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNIS ESTRUCH,

                                         Plaintiff,

-vs-

THOMAS STICH, Superintendent of
Wyoming Correctional Facility, et al.,

                                          Defendants.

DECISION and
ORDER

18-CV-6502 CJS

_____

## INTRODUCTION

Dennis Estruch ("Estruch" or "Plaintiff") is a former inmate of the New York State Department of Corrections and Community Supervision ("DOCCS") who maintains that Defendants, who were employed by DOCCS, violated his rights under the Eighth Amendment to the United States Constitution. Now before the Court is Defendants' motion (Docket No. [#7]) for summary judgment. The application is granted.

## BACKGROUND

On July 9, 2018, Plaintiff, by his attorney, commenced this action. The Complaint purports to assert a federal constitutional claim under 42 U.S.C. § 1983,[1] as well as a negligence claim arising under New York law. The Complaint asserts the following facts: On July 12, 2015, at Wyoming Correctional Facility ("Wyoming"), Plaintiff was playing handball when the ball hit him in his right eye. Plaintiff's eye immediately became sore and his vision in that eye became blurred. Plaintiff reported the injury to the corrections officer in charge of recreation, who told him to return to his dormitory and advise the dormitory officer about the injury. Plaintiff followed

---

[1] "In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004) (citation omitted).

1

those instructions. Plaintiff continued to have pain and blurred vision. Plaintiff requested sick call to see an eye specialist, and was advised by an unnamed corrections officer that an optometrist visited the facility only one day per month, and that Plaintiff's name would be placed on the list to see the optometrist.

Over the next several days Plaintiff lost all vision in his right eye, whereupon he went to the facility medical clinic and requested immediate medical attention. However, the corrections officer in charge of the clinic refused to allow Plaintiff to see a doctor. Plaintiff's dormitory officer subsequently made an emergency request for medical attention on Plaintiff's behalf, but the officer in charge of the clinic again denied the request. On July 23, 2015, Plaintiff was examined by a facility doctor, who opined that Plaintiff's vision problem was age-related, and placed Plaintiff on a waiting list to see an eye specialist. Two days later, on July 25, 2015, Plaintiff wrote a letter about the matter to the facility superintendent, Thomas Stich ("Stich").

On July 27, 2015, Plaintiff was permitted to see an outside ophthalmologist, Dr. Patel ("Patel"), who diagnosed a torn and detached retina. On July 30, 2015, Patel performed surgery, which, according to Patel, was successful. However, Plaintiff experienced little or no improvement in his vision. Plaintiff also maintains that his recovery was hampered, because staff at the correctional facility failed to provide him with pillows that he needed to sleep with his head elevated. On July 31, 2015, a corrections officer at Wyoming Correctional Facility negligently struck Plaintiff in the injured eye with a manilla envelope. Plaintiff maintains that his condition worsened, and that Dr. Patel indicated that his "retina was again folded." On September 25, 2015, Patel performed a second surgery, but Plaintiff contends that his vision did not improve. Plaintiff maintains that he is now completely and permanently blind in his right eye.

The Complaint [#1] purports to state two causes of action: 1) a claim against "the several

defendants" pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, in violation of the 8th Amendment; and 2) a claim for negligence under New York State law against the corrections officer who negligently injured Plaintiff's eye with the envelope.[2]

On April 11, 2019, Defendants filed the subject motion [#7] for summary judgment, along with the required *Irby* notice. Defendants contend that Plaintiff never filed an inmate grievance concerning his eye condition, though he exhausted his administrative remedies with regard to an unrelated medical condition prior to his eye injury. Defendants therefore maintain that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a). In support of the motion, Defendants have submitted grievance records indicating that Plaintiff never filed a grievance concerning the subject of this action, but that he exhausted his remedies with regard to the unrelated claim.

After Defendants filed the subject motion, the Court granted Plaintiff until August 12, 2019, to file a response. *See*, Motion Scheduling Order [#9]. However, Plaintiff never responded to the motion.

APPLICABLE LEGAL PRINCIPLES

Plaintiff's *Pro Se* Status

Plaintiff initially had an attorney, but since April 2019 he has been proceeding *pro se*. Accordingly, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Rule 56

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary

---

[2] On October 10, 2018, Plaintiff filed a motion to amend the Complaint, reiterating the factual allegations generally, but indicating that he had relied on his memory to name Dr. Yun and Officer Gordowski, and that his memory was "faulty."

3

judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

<u>Exhaustion of Administrative Remedies</u>

A prison inmate is required to exhaust his administrative remedies *before* asserting a federal claim in federal court complaining about prison conditions. *See*, 42 U.S.C.A. § 1997e(a)

("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015). However, despite this general requirement,

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Amaker v. Bradt*, 745 F. App'x 412 (2d Cir. Dec. 19, 2018) (citations and internal quotation marks omitted).

If administrative remedies were "available" to the inmate plaintiff, then he must have "properly" exhausted his remedies:

> Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

5

*Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006), internal quotation marks omitted).

Section 1997e(a)'s exhaustion requirement pertains to federal prison-related claims, but not to state-law claims. *See, Alston v. Daniels*, No. 3:15-CV-669 (CSH), 2015 WL 7257896, at *10 (D. Conn. Nov. 17, 2015) ("[T]he PLRA exhaustion requirement . . . does not apply to state law claims.") (citations omitted).

## DISCUSSION

Here, the Court finds that Defendants have carried their burden of demonstrating that Plaintiff had remedies available to him, but that he failed to utilize them. Indeed, it is undisputed that Plaintiff never even filed an inmate grievance concerning the matters complained of in this action. It is also undisputed that such remedies were available, since shortly before Plaintiff's eye injury, he exhausted his administrative remedies as to a complaint about medical treatment that he received for a knee injury. Accordingly, Defendants have shown that there are no triable issues of fact and that they are entitled to judgment as a matter of law on the federal claim. Plaintiff has not come forward with any contrary evidence.

Defendants are incorrect, however, insofar as they maintain that they are entitled to summary judgment as to all claims. As already mentioned, Section 1997e(a)'s exhaustion requirement does not apply to Plaintiff's state-law negligence claim. Nevertheless, the Court will dismiss that claim pursuant to 28 U.S.C. § 1367(c)(3), since it is dismissing all of Plaintiff's federal claims.[3]

---

[3] *See*, 28 U.S.C.A. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]").

CONCLUSION

Defendants' motion for summary judgment [#7] is granted in part and denied in part. The application is granted as to Plaintiff's 8th Amendment claim, but is denied as to Plaintiff's state-law negligence claim. However, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over the state-law claim. All of Plaintiff's claims are dismissed, without prejudice. The Clerk of the Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
      November 8, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge